Froessel, J.
About 18 years ago, on June 27,1941, defendant and three others were convicted of murder in the first degree for the killing of a Sing Sing Prison guard in the course of an escape. Defendant Kiernan and one Wade were sentenced to life imprisonment, pursuant to a jury recommendation of mercy. Two other defendants, Riordan and McGrale, were sentenced to death and paid the extreme penalty.
The convictions of these other defendants were affirmed (Wade, 265 App. Div. 867, affd. 291 N. Y. 574, cert, denied 320 U. S. 789, rehearing denied 320 U. S. 815; Riordan and McGale, 288 N. Y. 544). Kiernan filed a timely notice of appeal but did nothing further until Wade in 1958 secured his release by way of a writ of habeas corpus from the United States Court of Appeals, Second Circuit (256 F. 2d 7, cert, denied 357 U. S. 908), on the ground that Wade’s confession was involuntary as a matter of law, and thus its use was in violation of due process of law guaranteed by the Fourteenth Amendment. Kiernan now presses his appeal and his sole claim is ‘ ‘ that the statement ‘ extracted ’ from him was a coerced confession and its subsequent use as evidence against him at his trial was a denial of due process under the Fourteenth Amendment to the United States Constitution”, and that “In the interest of justice, [he] ought to receive a new trial with his alleged confession excluded ’ ’.
Although the United States Court of Appeals, Second Circuit, has held that the writ of habeas corpus must issue to his codefendant Wade, our reading of the record leads us to conclude that the statement given by the defendant Kiernan was not, as a matter of law, the product of coercion. When the so-called “ undisputed facts ” and “ inadequate explanations ”, from which the Federal court concluded that Wade’s statements were coerced, are examined and analyzed in the light of all the evidence in the record affecting Kiernan, they are by no means so conclusive as to mandate a trial court to reject Kiernan’s confession without submission to a jury. Kiernan, unlike Wade, did not take the stand and testify as to the manner in which he was treated between the time of his arrest and the time his statement was taken (cf. People v. Bonino, 1 N Y 2d 752). We do not regard the evidence as to the circumstances surrounding his confession sufficient to hold that his confession was invol *276 untary as a matter of law, and the use thereof as evidence a denial of due process under the Fourteenth Amendment to the Constitution of the United States.
The judgment of conviction should be affirmed.
Chief Judge Conway and Judges Desmond, Dye, Fttld, Van Voobhis and Burke concur.
Judgment affirmed.